UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SHAWN WINTERS,
    Petitioner,

  v.    No. 2:18-cv-02251

ERIC TICE,
SUPERINTENDENT, SCI SMITHFIELD;
THE DISTRICT ATTORNEY OF
PHILADELPHIA COUNTY; and THE
PENNSYLVANIA ATTORNEY GENERAL,
    Respondents.

# O P I N I O N
### Report and Recommendation, ECF No. 19 – Adopted

**Joseph F. Leeson, Jr.**      **February 18, 2020**
**United States District Judge**

## I. INTRODUCTION

Petitioner Shawn Winters filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia County Court of Common Pleas for first-degree murder. Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied and dismissed. Winters has filed objections to the R&R. For the reasons set forth below, the R&R is adopted.

## II. STANDARDS OF REVIEW

### A. R&R

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). In the absence of a specific objection, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report, *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987); therefore, the court should review the record for plain error or manifest injustice. *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

      **B.**     **Habeas corpus petitions under 28 U.S.C. § 2254**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750

(1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v.*

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

*Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

      **C.**      **Claims of ineffective assistance of counsel**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence and the burden is on the petitioner. *Id.* at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

## IV. ANALYSIS

Magistrate Judge Heffley reviewed the five habeas claims and determined that the first, fourth, and fifth claims are procedurally defaulted, and that all claims lack merit. Winters objects to the rulings on his first and third claims.

After review, this Court concludes that Winters has failed to show cause and prejudice to excuse his default of the first, fourth, and fifth claims, or that a fundamental miscarriage of justice will result if these claims are not considered. Further, all claims lack merit. The objections are overruled for the reasons discussed herein and for those set forth in R&R.

### A. Winters was not prejudiced by trial counsel's introduction of his relatively minor criminal history during direct examination.

In his first ground for habeas relief, Winters argues that trial counsel was ineffective for asking him about two prior convictions during direct examination. Winters asserts that because of the age of the convictions, the prosecution was precluded from introducing them at trial; therefore, trial counsel should not have brought them out during direct examination.

Magistrate Judge Heffley determined that the claim is procedurally defaulted because it was not raised during the state post-conviction proceedings. The Magistrate Judge further concluded that "given the substantial evidence supporting the conviction and the marginal impact [Winters's] relatively minor criminal history had on his credibility," he was not prejudiced by PCRA counsel's failure to raise the claim. *See* R&R 8, ECF No. 19 (explaining, also, that "the trial court precluded the prosecution from using the criminal history to discredit Winters and did not reference it when instructing the jury on their evaluation of Winters' credibility).

After de novo review, this Court agrees with Magistrate Judge Heffley. At trial, counsel questioned Winters about a 1995 conviction for theft for which Winters was sentenced to one-year probation, as well as a 1995 conviction for shoplifting, which was a summary offense for

which Winters received only a fine. *See* Trial N.T. 241:5-22, Trial, Vol. 4, July 20, 2010. These offenses occurred when Winters, who was thirty-eight at the time of trial, was twenty-two and twenty-three years old. *See id.* Trial counsel explained that his reason for introducing the convictions was because it gave him a "tremendous tactical advantage . . . 'cause [the jury] hear[s] about a theft, retail theft, and maybe they figure that's all he has." N.T. 3:17 – 4:5, Trial, Vol. 5, July 21, 2010. This Court must be "highly deferential" to counsel's reasonable strategic decisions and even if a more effective strategy would have been to not introduce the priors, trial counsel's conduct did not fall below an objective standard of reasonableness, nor did the introduction of these minor offenses from fifteen years prior prejudice Winters.

Winters's objection is overruled and the first habeas claim is denied and dismissed.

**B.  Trial counsel was not ineffective for failing to object to an accomplice-liability instruction.**

Winters objects to the Magistrate Judge's ruling on his third habeas claim, whether trial counsel was ineffective for failing to object to an accomplice-liability instruction. Winters asserts that when considering this claim, it is necessary to also review his second habeas claim regarding trial counsel's failure to request a corrupt-source instruction. Winters contends there was insufficient evidence to support an accomplice-liability instruction. Alternatively, he argues, if there was sufficient evidence to support an accomplice-liability instruction, there was necessarily sufficient evidence to support a corrupt-source instruction. Winters asserts that because the jury was going to be instructed on accomplice liability, it was unreasonable for trial counsel to think a corrupt-source instruction would have undermined the defense.

After de novo review, this Court finds the third habeas claim lacks merit because there was sufficient evidence to support an accomplice-liability instruction. Evidence was presented at trial that Winters periodically supplied the victim with drugs, which the victim would then sell to

others. On the day of the shooting, Winters picked the victim up at her house and drove her to an alley where they were to meet a third-party to obtain the drugs. Also present near the alley was an individual ("witness") who also intended to purchase drugs from Winters. The victim was shot and killed in the alley. Winters testified that all four of them were in the alley, and after he left to get something from his car he heard gunshots. Winters testified that either the witness or the third-party shot the victim. The witness, on the other hand, testified for the Commonwealth that he was waiting in his car and saw Winters, the victim, and the third-party walk into the alley. He heard gunshots and saw Winters flee from the alley. The witness testified that when he spoke with Winters after the shooting, Winters told him that he shot the victim.

From this evidence, a jury could conclude that Winters was the shooter or that he was an accomplice to the shooting by arranging the meeting and driving the victim to the alley where she would be killed. The R&R correctly states that in "Pennsylvania, a jury instruction is appropriate when supported by the evidence at trial." R&R 12 (citing *Commonwealth v. Browdie*, 671 A.2d 668, 674 (Pa. 1996); *Commonwealth v. Meadows*, 553 A.2d 1006, 1014 (Pa. Super. Ct. 1989)). Accordingly, because the evidence supported an accomplice-liability instruction, trial counsel cannot be deemed ineffective for failing to object to the instruction.

Furthermore, despite Winters's suggestion that if there was sufficient evidence to support an accomplice-liability instruction, counsel must have been ineffective for failing to request a corrupt-source instruction, the two are not necessarily dependent. Winters's argument assumes that the accomplice must have been the witness, who was the only person for which a corrupt-source instruction might apply. *See Commonwealth v. Williams*, 732 A.2d 1167, 1181 (Pa. 1999) (holding that a corrupt-source instruction is "indicated in cases in which the evidence is sufficient to present a jury question with respect to whether the Commonwealth's witness is an

7
021820

accomplice"). However, there was also evidence to suggest that the third party was Winters's accomplice, not the witness. Because the jury may have only been considering the third-party as the accomplice, trial counsel may have reasonably believed that requesting a corrupt-source instruction, would have also put the witness in the jury's mind as a possible accomplice. In finding no ineffectiveness by trial counsel, the state courts explained that the decision whether to request additional points for charge is a strategic one that is in the exclusive province of counsel. *See Commonwealth v. Winters*, 193 A.3d 1036 (Pa. Super. Ct. 2018). The state courts determined that requesting a corrupt-source instruction would contradict the defense's theory that Winters was not an accomplice to anyone and had no involvement in the shooting. *See id.* Applying the "highly deferential standard for evaluating state-court rulings," this Court cannot conclude that the state courts' decisions were unreasonable. Winters's objection is therefore overruled. The second and third habeas claims are denied.[2]

### C. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

---

[2] Because Winters did not object to the Magistrate Judge's resolution of his remaining claims, this Court reviews them for plain error and finds none. For the reasons set forth in the R&R, the fourth and fifth habeas claims are procedurally defaulted and lack merit.

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Winters has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong.

## V. CONCLUSION

After de novo review of Winters's objections to the R&R, and for the reasons set forth herein, the R&R is adopted. The objections are overruled and the habeas claims are denied and dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge